LARRY SINGLETON
v.
DEPARTMENT OF POLICE
No. 2008-CA-0500.
Court of Appeal of Louisiana, Fourth Circuit.
June 4, 2008.
GARY M. PENDERGAST, Gary m. Pendergast, L.L.C., New Orleans, LA, Counsel for Plaintiff/Appellant.
PENYA MOSES-FIELDS, City Attorney, NOLAN P. LAMBERT, Chief Duputy City Attorney VICTOR L. PAPAI Jr., Assistant City Attorney Benjamin D. Simpson, Law Clerk, New Orleans, LA, Counsel for Defendant/Appellee.
Court composed of Judge JAMES F. McKAY, III, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, Jr.
MAX N. TOBIAS, Jr., Judge.
The plaintiff, Larry Singleton, appeals from the Civil Service Commission's ("CSC") dismissal of his appeal following termination of his employment with the New Orleans Police Department ("NOPD"). Singleton's employment was terminated for neglect of duty for failing to return to duty at the end of his authorized leave following Hurricane Katrina. For the following reasons, we affirm.
Prior to the termination of his employment, Singleton was a Police Officer with the NOPD with permanent status. At the time of Hurricane Katrina, Officer Singleton was on authorized leave status with his family in Houston, Texas, from 26 August 2005 through 29 August 2005. He was scheduled to report for duty on 30 August 2005; hence, Officer Singleton was not required to report for duty for Hurricane Katrina. However, Officer Singleton failed to report for duty after his leave ended. It is undisputed that Officer Singleton did not return to duty until on or about September 20, 2005. He was absent without leave for over fourteen days. According to guidelines established by the NOPD command staff following Hurricane Katrina, an officer absent without permission for more than fourteen days following the hurricane was recommended to be terminated for neglect of duty. The matter was investigated, and on 15 November 2005, a pre-termination hearing was conducted wherein Officer Singleton was provided the opportunity to explain the reason for his extended absence. Following the hearing, a charge of neglect of duty was recommended and the NOPD terminated his employment.
Following his termination, Officer Singleton filed an appeal with the CSC. A hearing was conducted on 14 March 2006, at which time testimony was presented. On 13 November 2007, the CSC rendered a written decision dismissing Officer Singleton's appeal, thereby affirming the NOPD's termination of his employment. Officer Singleton now appeals the CSC's dismissal of his appeal.
The facts of this case are not in dispute. At the time of Hurricane Katrina, Officer Singleton was in Houston, Texas, on authorized leave with his wife and nine-year-old son. He was scheduled to return to duty on 30 August 2005, but did not. Officer Singleton did not contact his supervisor, Lieutenant Simpson, until, at the earliest 12 September 2005, when he reached her by cell phone. At that time, Officer Singleton claims he advised Lieutenant Simpson that he was in Houston with his wife and son, and that he needed to secure housing and medical treatment for them. According to Officer Singleton, his wife was suffering from an onset of her pre-existing sickle cell condition, and his son was suffering from asthma.
Officer Singleton testified that, after informing Lieutenant Simpson of his personal situation, she advised him to handle his family business and to return to the NOPD for duty as soon as possible. According to Officer Singleton, he spoke with Lieutenant Simpson again on 15 September 2005, at which time he was directed to contact Lieutenant Troy Savage. Officer Singleton spoke with Lieutenant Savage on 15 and 16 September 2005, and was informed that he was placed on emergency suspension for thirty days pending an investigation for his failure to report to duty when his leave ended. According to Officer Singleton, he returned to New Orleans on 20 September 2005, twenty-one days following the end of his authorized leave.
In his appeal, Officer Singleton argues that the Commission committed manifest error in dismissing his appeal because no discipline was warranted in this case, or, if discipline was warranted, the penalty of termination was excessive under the circumstances presented.
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for cause expressed in writing. The employee may appeal from such disciplinary action to the CSC. The burden of proof on appeal, as to the facts, shall be on the appointing authority. La. Const. art. X, § 8 (1974); Walters v. Department of Police of New Orleans, 454 So .2d 106, 112-113 (La. 1984). The CSC's decision is subject to review on any question of law or fact upon appeal to the court of appeal. La. Const. art. X § 12(B).
The CSC has a duty to independently decide, from the facts presented, whether the appointing authority had good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed was commensurate with the dereliction. Walters, 454 So. 2d at 113. Legal cause for disciplinary action exists whenever an employee's conduct impairs the efficiency of the public service in which that employee is engaged. Cittadino v. Department of Police, 558 So. 2d 1311 (La. App. 4 Cir. 1990). The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity occurred, and that such activity bore a real and substantial relationship to the efficient operation of the public service. Id. at 1315.
In reviewing the CSC's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, this court is not permitted to modify the CSC's order unless it is arbitrary, capricious, or characterized by an abuse of discretion. Walters, 454 So. 2d at 114. "Arbitrary or capricious" means that there is no rational basis for the action taken by the CSC. Bannister v. Department of Streets, 95-0404, p. 8 (La. 1/16/96), 666 So. 2d 641, 647.
The CSC has the authority to "hear and decide" disciplinary cases, which includes the authority to modify (reduce) as well as to reverse or affirm a penalty. La. Const. art. X, § 12; Fihlman v. New Orleans Police Department, 00-2360, p. 5 (La. App. 4 Cir. 10/31/01), 797 So. 2d 783, 787. The legal basis for any change in a disciplinary action can only be that sufficient cause for the action was not shown by the appointing authority. The protection of civil service employees is only against termination (or other discipline) without cause. Id. at p. 5, 797 So. 2d at 787. Thus, in the instant case, unless the CSC determined that there was insufficient cause for Officer Singleton's termination, the penalty must stand.
At the CSC hearing, Officer Singleton testified that, immediately following the storm, he attempted to contact his supervisor, but was unable to reach her by cell phone until 12 September 2005, due to the difficulties in communication following the storm.[1] While Officer Singleton testified that this cell phone conversation took place on 12 September 2005, his cell phone records did not establish this fact and Lieutenant Simpson could not recall if it occurred before or after 14 September 2005. Therefore, the actual date of this conversation was not proven at the hearing.[2] Moreover, during his conversation with Lieutenant Simpson, after explaining his family's situation, he was advised to get his family situated and to return for duty. He did not do so until 20 September 2005.
At the pre-termination hearing, Officer Singleton failed to produce verification that he had contacted his supervisor within the fourteen-day period following the end of his authorized leave, and thus the NOPD recommended that Officer Singleton's employment be terminated based on the guidelines established by the NOPD command staff that officers who were absent without authorization for more than fourteen days were to be recommended for termination.
In dismissing Officer Singleton's appeal, the CSC noted that the NOPD terminated everyone that was absent for more than fourteen days with few exceptions, and that while Officer Singleton's need to take care of his family was understandable, "his job ha[d] to come first." In Stevens v. Department of Police, 00-1682, p. 8 (La. App. 4 Cir. 5/9/01), 789 So. 2d 622, 627, we stated:
The public puts its trust in the police department as a guardian of its safety, and it is essential that the appointing authority be allowed to establish and enforce appropriate standards of conduct for its employees sworn to uphold that trust. Indeed, the Commission should give heightened regard to the appointing authorities that serve as special guardians of the public's safety and operate as quasi-military institutions where strict discipline is imperative. [citation omitted.]
Hurricane Katrina was an unprecedented event for this city. It was vitally important that NOPD officers obeyed the chain of command. Almost every officer on duty could have articulated an understandable reason for leaving his or her post. That Officer Singleton had mitigating circumstances does not mean that the NOPD abused its authority by failing to consider those circumstances. Officer Singleton failed to present evidence establishing that he timely made contact with the NOPD within fourteen days following the end of his leave.
In the instant case, the evidence presented at the CSC hearing supports the finding of the NOPD and the CSC that Officer Singleton was absent without leave in excess of fourteen days following Hurricane Katrina. We find no error with the CSC's finding that the NOPD had cause for terminating Officer Singleton's employment. The complained of activity in this case, i.e., neglect for duty for failure to report for duty at the end of authorized leave certainly bore a real and substantial relationship to the efficient operation of the NOPD. We find, therefore, that the penalty of termination in this case was warranted and not excessive considering the circumstances. The CSC's denial of Officer Singleton's appeal was neither arbitrary nor capricious, and was not an abuse of discretion.
Accordingly, the judgment of the CSC is affirmed.
AFFIRMED.
NOTES
[1] Lieutenant Simpson was not available to testify at the hearing; however, the parties stipulated that she spoke to Officer Singleton at some point during the middle of September. While Officer Singleton testified that this cell phone conversation took place on 12 September 2005, his cell phone records did not establish this fact and Lieutenant Simpson could not recall if it occurred before or after 14 September 2005.
[2] If the cell phone call was made on 12 September 2005 as testified to by Officer Singleton, this would have been the fourteenth day following the end of his authorized leave and the latest date he could have reported for duty without becoming subject to termination as per NOPD guidelines.